UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

                                                              **Hon. Hugh B. Scott**

                              v.
                                                              06CR292A

                                                              **Order**

JOSE ELIAS MERCEDES,

                              Defendant.

Before the Court is defendant's omnibus discovery motion (Docket No. 28)[1] and the

Government's cross-motion for discovery (Docket No. 31).  Defendant also moved to dismiss the

criminal Complaint and to suppress defendant's statements (id.).  During oral argument, on

November 15, 2007, defendant withdrew his suppression motion, without prejudice to renew

later.

    This Court will address here defendant's discovery and disclosure motions, hence this

decision is by Order.

---

[1]Defendant previously filed this motion under the former criminal Complaint case
number and, without particular relief, as Docket No. 27.  In support of this motion is defense
counsel's affidavit with exhibits, Docket No. 28.
    In opposition, the Government filed its reply statement and cross-motion for discovery,
Docket No. 31.

BACKGROUND

The underlying factual issue in this case is defendant's nationality and whether he made false statements about it.  Defendant, an alien convict, in effect would not be deported if he is a Cuban national while he would be deported if he is a Dominican.

On May 26, 2006, defendant was charged in a criminal Complaint with conniving, conspiring, or taking other action to hamper his deportation (in violation of 8 U.S.C. § 1253(a)(1)(C)) and making a materially false statement, in violation of 18 U.S.C. § 1001(a)(2) (Docket No. 1).  On September 6, 2006, defendant was indicted in a single count Indictment for making a false statement, in violation of 18 U.S.C. § 1001(a)(2), namely about his nationality (Docket No. 8).  The Indictment charges that defendant falsely stated to an agent of the Bureau of Immigration and Customs Enforcement ("BICE") that he was a citizen of Cuba when, in fact, he was a citizen of the Dominican Republic (id.; see Docket No. 28, Def. Atty. Aff.. ¶ 2).  As the parties appeared to agree upon a plea disposition, defendant waived Indictment and was charged under a superseding Information (Docket Nos. 10, 11; see Docket No. 12 (plea agreement)).  Defendant later moved to withdraw this plea (Docket No. 19), which was granted on August 10, 2007 (minute entry, Aug. 10, 2007; see Docket No. 23).  The case was referred to the undersigned (Docket No. 22; see Docket No. 15) and the Court entered a scheduling Order (Docket No. 26).

*Defendant's Motion*

Defendant seeks production from the Government as to his claimed nationality, evidence of a possible confusion between him and another person with a name similar (Jose Elias Mercedes Delmonte) to his.  In particular, defendant seeks discovery under Federal Rules of

Criminal Procedure 12 and 16, pretrial disclosure under Federal Rules of Evidence 404(b), 608, and 609, production of <u>Brady</u> materials.  He moves to search personnel files of Government agent witnesses and for the Government to preserve evidence.  (Docket No. 28.)

At oral argument, defendant outlined categories of materials still sought after review of the Government's file and its response to this motion.  He seeks information surrounding his G-4 visa; the predicate felony for his 1987 state conviction as a predicate felon; identity of the visitor to his prison who claimed to be his mother; defendant's Social Security application file, including supporting documents (such as his immigration and visa documentation); materials from defendant's immigration hearing; logs and personnel records of Government employees; entry documents for defendant's entry into the United States in 1981; documents for defendant's reentry between 1981 and 1984; and visitor log for a "jail in the United States" pertinent to defendant (<u>see also</u> Docket No. 28, Def. Atty. Aff. ¶¶ 9 a., c., d., f., h., 10-12, 18-19).

*The Government's Reply and Cross-Motion*

The Government argues that, where materials were available to the prosecution, they have been produced to defendant, except categories the Government objects to producing.  As to other materials not in the prosecution's file, the Government has made endeavors to obtain it (such as from the Social Security Administration, the Departments of State and Homeland Security) or the Government argues that defendant can request or subpoena the materials from third parties (such as the New York State Department of Correctional Services for defendant's visitor logs while he was in state custody).

The Government cross-moves to inspect any documents in the possession of defendant that he intends to produce in his case-in-chief (Docket No. 31, Gov't Reply at 12).

3

At the conclusion of oral argument, the Court indicated that the status of discovery of certain items not currently in the prosecution's file will be held.

## DISCUSSION

I.      Defendant's Motions

        A.      Discovery

Defendant seeks various items of pretrial discovery. Although there is no general constitutional right to pretrial discovery in a federal criminal case, a defendant does have a pretrial discovery right with respect to certain matters. For example, under the Fifth Amendment's due process clause, a defendant is entitled to specific exculpatory evidence which is material either to guilt or punishment. In addition, the Government has certain disclosure obligations under Rule 16 of the Federal Rules of Criminal Procedure and the Jencks Act, 18 U.S.C. § 3500.

Pursuant to Rule 16(a)(1)(A), defendant seeks any written or oral statements made by him or within the possession custody or control of the Government, or which through the exercise of due diligence, may become known to the Government.

Rule 16(a)(1)(A) provides that, upon request, the Government must disclose any written or recorded statements made by a defendant, before or after arrest, in response to interrogation by any person known to the defendant to be a Government agent; and recorded testimony of the defendant before the grand jury which relates to the offense charged.[2] Failure of the Government

---

[2]Rule 16(a)(2) expressly provides that subdivision (a)(1) does not authorize disclosure of statements made by Government witnesses or prospective Government witnesses except as provided in 18 U.S.C. § 3500 (the Jencks Act).

4

to disclose a defendant's statements to a Government agent may rise to the level of constitutional due process violation. <u>Clewis v. Texas</u>, 386 U.S. 707 (1967).

In this case, the Government has represented that it believes that it has already disclosed all statements made by the defendants.  To the extent that the Government has not yet done so, pursuant to Rule 16(a)(1)(A) the Government is hereby **directed to produce** all such statements made by Defendant.

Pursuant to Rule 16(a)(1)(C), defendant also seeks production of various documents, books, records, photographs, and other tangible objects in the possession, custody or control of the Government.  Defendants identify several specific categories of items which they seek to be produced.

Defendant seeks grand jury transcripts to verify the date of "Jose Elias Mercedes'" entry into the United States in 1984 (Docket No. 28, Def. Atty. Aff. ¶ 9 b.).  The Government's response to these specific requests is that defendant seeks items outside of the prosecution's file but the Government has been diligently searching for some items (Docket No. 31, Gov't Reply at 4), for example, the immigration hearing transcript and Social Security application documentation (<u>id.</u>).  The Government objects to other demands as either being overly broad or seeking information not in the Government's possession (such as purged G-4 visa records in the State Department) (<u>id.</u> at 4-5).

The Government is to continue its efforts to locate the items sought that were not previously produced in the prosecution file, without prejudice to raising privilege and other objections to specific items as that search continues.  The Government is to report its progress in

this production at the status conference scheduled below for **Monday, December 10, 2007, at 10:30 am**.

Defendant also seeks a Rule 12(b)(4)(B) notice (Docket No. 28, Def. Atty. Aff. ¶¶ 5-7). The Government responds that it does not contemplate a Rule 12(b)(3)(C) suppression hearing (Docket No. 31, Gov't Reply at 2, 6).

B.    Federal Rules of Evidence 404, 608, 609

Defendant requests disclosure of all evidence of prior bad acts that the Government intends to use in its case-in-chief, pursuant to Federal Rule of Evidence 404(b) (Docket No. 28, Def. Atty. Aff. ¶¶ 25, 34-36).  Defendant also requests disclosure of all evidence of prior bad acts that the Government intends to use for impeachment of the defendant should he testify at trial, pursuant to Rules 608(b) and 609(a) (id. ¶¶ 37-38).

Rule 404 requires that the defendant be given "reasonable notice in advance of trial, or during trial if the court excuses pretrial notice on good cause shown, of the general nature of any such evidence it intends to use at trial."  The Government has represented that it does not intend to offer any Rule 404(b) evidence (Docket No. 31, Gov't Reply at 6).

As for Rule 608, the Government states that it has character evidence (defendant's criminal record) (id.).  As for Rule 609, the Government intends to use defendant's criminal record to impeach him if he testifies (id. at 7).

C.    Brady Material

Defendant next has requested that the Government disclose all materials potentially favorable to the defendant, including information to be used for the impeachment of the Government's witnesses, as required under Brady v. Maryland, 373 U.S. 83 (1963), and its

progeny.  <u>Brady</u> material, as those cases have come to define it, includes all evidence which may

be favorable to the defendant and material to the issue of guilt or punishment.  Such evidence

includes "[a]ny and all records and/or information which might be helpful or useful to the

defense in impeaching . . . [and] [a]ny and all records and information revealing prior misconduct

. . . attributed to the [Government's] witness."  <u>United States v. Kiszewski</u>, 877 F.2d 210 (2d Cir.

1989).

Defendant's motion identifies numerous specific categories of documents encompassing

both exculpatory and impeachment <u>Brady</u> materials which they seek to obtain.  The

Government's written response is as follows: "The government is not in possession of any

evidence which could be deemed 'exculpatory' within the contemplation of <u>Brady</u>," (Docket

No. 31, Gov't Reply at 7).  The Government concedes that it has produced documents which

indicate that defendant is a Cuban national which the Government does not regard as <u>Brady</u>

material (<u>id.</u> at 7-8).

It is unclear as to whether the Government's response included considerations regarding

"impeachment" <u>Brady</u> material as well as exculpatory <u>Brady</u> material.

Neither the Supreme Court, nor the Second Circuit[3], have ruled  directly on whether a

there is a meaningful distinction between "exculpatory <u>Brady</u>" and "impeachment <u>Brady</u>"

materials for purposes relating to the timing such information must be disclosed.  Several other

courts have discussed the issue at hand, which often arises in the context of a potential, if not

inherent, conflict between the Government's obligations to disclose under <u>Brady</u> and the

_____

[3]In a footnote in its opinion in <u>Lucas v. Regan</u>, 503 F.2d 1, 3 n.1 (1974), the Second Circuit stated that "[n]either Brady nor any other case we know of requires that disclosures under Brady be made before trial."

Governments right to delay disclosure of certain information pursuant to the Jencks Act.   Those cases suggest that the court has some discretion with respect to directing the timing of such disclosure.   United States v. Campagnuolo, 592 F.2d 852 (5th Cir. 1979) (the court interpreted Brady to require disclosure "at the appropriate" time, which often is prior to trial); United States v. Perez, 870 F.2d 1222 (7th Cir. 1989) (the Government's delay in disclosing Brady material violates due process only if the delay prevented the defendant from receiving a fair trial); United States v. Ziperstein, 601 F.2d 281 (7th Cir. 1979) (a defendant receives a fair trial, notwithstanding delayed disclosure of Brady material, as long as disclosure is made before it is too late for the defendant to make use of any benefits of the evidence); but see United States v. Wilson, 565 F. Supp. 1416 (S.D.N.Y. 1983) (impeachment material need not be produced prior to trial); United States v. Biaggi, 675 F. Supp. 790 (S.D.N.Y. 1987) (information bearing on a witness' credibility may be turned over at the same time as [Jencks Act] materials); United States v. Feldman, 731 F. Supp. 1189 (S.D.N.Y. 1990) (it is sufficient for the Government to disclose Brady impeachment materials along with [Jencks Act] materials).

The Jencks Act relates only to "statements" made by Government witnesses.  Such statements may include inconsistencies which make them useful for impeachment purposes, and thus, subject them to disclosure under Brady principles.  To this extent, it has been suggested that the constitutional requirements underlying Brady could act to modify the Jencks Act. United States v. Campagnuolo, 592 F.2d 852, 860 (5th Cir. 1979); but see United States v. Presser, 844 F.2d 1275 (6th Cir. 1988) (the Government may not be compelled to pretrial disclosure of Brady or Jencks material).  The record in this case does not reflect whether any of the materials withheld by the Government may be considered both Brady and Jencks material.  Certainly

"impeachment <u>Brady</u>" material may include several items which are not considered "statements" under the Jencks Act.

This Court believes that fundamental fairness and the constitutional due process requirements which underlie <u>Brady</u> mandate that the Court have some discretion with respect to the timing of the disclosure of such information, even if it may be considered combined <u>Brady</u>/Jencks material. Indeed, even with respect to purely Jencks Act materials, the Second Circuit has stated that "pre-trial disclosure will redound to the benefit of all parties, counsel and the court, . . . sound trial management would seem to dictate that Jencks Act material should be submitted prior to trial . . . so that those abhorrent lengthy pauses at trial to examine documents can be avoided." <u>United States v. Percevault</u>, 490 F.2d 126 (2d Cir. 1974); <u>United States v. Green</u>, 144 F.R.D. 631 (W.D.N.Y. 1992) (Heckman, Mag. J.).

The instant case does not appear to be unusually complex. Balancing all of the above, the Court concludes that disclosure of such impeachment material, if any exists, in accordance with the common practice in this district (prior to trial so long as it is disclosed in sufficient time for defendant to have a fair opportunity to utilize the information at trial) is sufficient in this case.

D.    Jencks Act

Defendant also seeks Jencks Act statements (Docket No. 28, Def. Atty. Aff. ¶ 58). The Government responds that it will produce Jencks Act material pursuant to the Court's usual pretrial Order (Docket No. 31, Gov't Reply at 8). The Jencks Act governs the disclosure of information and statements relating to the Government's witnesses. Generally, according to the Jencks Act, 18 U.S.C. § 3500, the Government need not disclose such information regarding its witnesses until <u>after</u> the witness has testified at trial. In this case, the Government has agreed to

disclose this information pursuant to the usual pretrial Order.  Defendant has not established that

prior disclosure of Jencks material is essential to the preparation of a defense in this case.

     E.     Search Agents' Personnel Files

Defendant next seeks <u>in camera</u> inspection of federal and local law enforcement agents'

personnel files for <u>Brady</u> and <u>Giglio</u> material (Docket No. 28, Def. Atty. Aff. ¶¶ 97, 99-100).

The Government opposes this motion as overly broad and the Government states that it will

undertake <u>Giglio</u> inquiry and disclose whatever pertinent impeachment material required under

that case (Docket No. 31, Gov't Reply at 11).  The Government is directed to review these files

to determine if <u>Brady</u> or Jencks material is present.  Any responsive information, if any, should

be treated as <u>Brady</u> or Jencks material (as appropriate) and disclosed accordingly.

     F.     Preservation of Evidence

Defendant has also requested preservation of rough notes and other evidence taken by law

enforcement agents involved (Docket No. 28, Def. Atty. Aff. ¶¶ 101-04).  The Government has

agreed to preserve all items of evidence (Docket No. 31, Gov't Reply at 2, 8).

II.     Government's Cross-Motion

The Government filed a motion to compel defendant's production (Docket No. 31).

Defendant has not filed an objection to this motion.  Under Rule 16, the Government is entitled

to production of documents in defendant's possession that he intends to use in his case-in-chief.

Given that defendant has been in federal custody (either before deportation or now pending

disposition of this criminal case), such documents may be limited.  Nevertheless, defendant is

reminded of his obligations under Rule 16 to produce pursuant to the government's notice for

discovery (Docket No. 31), therefore, the Government's cross-motion is **granted**.

III.     Schedule

Counsel shall appear on **Monday, December 10, 2007**, at **10:30 am**, for a status

conference regarding the state of the Government's production of the outstanding items to

defendant.

<u>CONCLUSION</u>

For the reasons stated above, defendant's omnibus motion (Docket No. 28) seeking

disclosure and discovery is **granted in part, denied in part as outlined above**.  The

Government's cross-motion to produce (Docket No. 31) is **granted**.

A status conference shall be held on **Monday, December 10, 2007**, at **10:30 am**, before

the undersigned.

So Ordered.

_/s/ Hugh B. Scott_

Honorable Hugh B. Scott
United States Magistrate Judge

Dated: Buffalo, New York
            November 28, 2007