UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

|  |  |
|---|---|
|  | **Hon. Hugh B. Scott** |
| v. |  |
|  | 06CR292A |
|  | **Order** |

JOSE ELIAS MERCEDES,

                Defendant.

This is a continuation and reassertion of motion heard by this Court. Now before the Court is defendant's motion (Docket No. 38[1]), renewing defendant's motion to dismiss the Indictment and to suppress defendant's statements (see Docket No. 28) as well as seeking supplemental discovery (Docket No. 38). Responses to this renewed motion were due on March 7, 2008, and the motion was argued on March 11, 2008 (Docket Nos. 37, 40).

This Court will address in this Order defendant's discovery and disclosure motions, and address in a separate Report & Recommendation defendant's motion to dismiss and motion to suppress. Familiarity with the Order on defendant's initial motion (Docket No. 33) is presumed.

---

[1] In support of this renewed motion is defense counsel's affidavit with exhibits, Docket No. 38, as well as moving papers from the initial motion, Docket No. 28.
    In opposition, the Government filed its second reply statement, Docket No. 38, as well as its initial reply statement, Docket No. 31.

BACKGROUND

The underlying factual issue in this case is defendant's nationality (he claims that he is Cuban while the Government claims that he is a citizen of the Dominican Republic) and whether he made false statements about it to immigration agents.  Defendant, an alien convict, in effect would not be deported if he is a Cuban national while he would be deported if he is a Dominican.

On May 26, 2006, defendant was charged in a criminal Complaint with conniving, conspiring, or taking other action to hamper his deportation (in violation of 8 U.S.C. § 1253(a)(1)(C)) and making a materially false statement, in violation of 18 U.S.C. § 1001(a)(2) (Docket No. 1).  On September 6, 2006, defendant was indicted in a single count Indictment for making a false statement, in violation of 18 U.S.C. § 1001(a)(2), namely about his nationality (Docket No. 8).  The Indictment charges that defendant falsely stated to an agent of the Bureau of Immigration and Customs Enforcement ("BICE") that he was a citizen of Cuba when, in fact, he was a citizen of the Dominican Republic (id.; see Docket No. 28, Def. Atty. Aff.. ¶ 2).  As the parties appeared to agree upon a plea disposition, defendant waived Indictment and was charged under a superseding Information (Docket Nos. 10, 11; see Docket No. 12 (plea agreement)).  Defendant later moved to withdraw this plea (Docket No. 19), which was granted on August 10, 2007 (minute entry, Aug. 10, 2007; see Docket No. 23).  The case was referred to the undersigned (Docket No. 22; see Docket No. 15) and the Court entered a scheduling Order (Docket No. 26).

*Defendant's Renewed Motion for Discovery*

Defendant in this motion has noted various discovery requests that remain outstanding. He still seeks the transcript from the immigration judge's hearing and a copy of the immigration

court's file (Docket No. 38, Def. Atty. Aff. ¶ 16); a list of the individuals who presented the statement that defendant's purported Dominican "mother" had visited him in New York State prison (id. ¶ 24; see id. ¶ 23); the name of the New York State prison defendant was incarcerated when his "mother"visited him in 1996 (id. ¶ 23); additional materials obtained by the Government after Castro's December 6, 2007, letter (id. ¶ 58); and documentation and items surrounding the March 2006 interrogations of defendant at the Batavia Federal Detention Center (id. ¶ 102).

Defendant now seeks production of a G-4 visa file for defendant for his purported entry on such a visa in 1981 as well as information about his entry and departures from the United States between 1984 and 1987 (Docket No. 38, Def. Atty. Aff. ¶¶ 113-14, Ex. J; Docket No. 28, Def. Atty. Aff. ¶ 9). But, according to the Government, record retention policies at that time for G-4 visa was only for 10 years and any visa file from 1981 would have been discarded in 1991 (Docket No. 38, Def. Atty. Aff. ¶ 115). Defendant has asked repeatedly how his initial entry and departure information was obtained and requested additional information about these transactions (id. ¶ 116) and now moves for an Order to compel the Government to undertake a good faith search for the requested documents or affirm that such documents were destroyed (id. ¶ 117). He also wants to know why this documentation was not computerized while during the ten-year period of 1981-91 defendant was arrested (id.).

*The Government's Reply and Renewed Cross-Motion*

The Government argues that it has fully complied with its Rule 16 discovery obligations, except for logs from the Batavia Federal Detention Center (Docket No. 39, Gov't 2d Reply at 1, 15). The Government attached to its latest reply a cover letter from BICE agent Castro listing the

3

items provided to defendant, as of December 2007 (id. at 15, Ex. A). The Government asserts that the G-4 visa file (among other items sought by the defense) no longer exists (id. at 16-17). The Government notes that defendant also sought video recordings of his interview with BICE agent Alvi Castro, facility log records at the Batavia Detention Center, and the identity of inmate at the Batavia Detention Center to whom defendant may have complained about the repetitive interrogations (id.). Save the facility logs, the Government contends that the other items do not exist (id.). The Government concludes that it fully complied with its Rule 16 obligations and that defense's supplemental discovery either does not exist or is not within the Government's possession, custody or control (id.). The Government renews its cross-motion for discovery (id. at 17-18).

DISCUSSION

I.     Defense Supplemental Discovery

Defendant now seeks an authorized agent of the Government to search State Department, Department of Homeland Security and other agencies' records to find defendant's G-4 visa file or confirm its destruction (see Docket No. 38, Def. Atty. Aff. ¶ 117). Although there is no general constitutional right to pretrial discovery in a federal criminal case, a defendant does have a pretrial discovery right with respect to certain matters. For example, under the Fifth Amendment's due process clause, a defendant is entitled to specific exculpatory evidence which is material either to guilt or punishment. In addition, the Government has certain disclosure obligations under Rule 16 of the Federal Rules of Criminal Procedure and the Jencks Act, 18 U.S.C. § 3500. The Government responds with a general statement that all material within its possession, custody, and control have been provided to defendant.

The Government should document its efforts to find defendant's G-4 visa or note for the record that such documents no longer exist due to the record retention policies of the agencies involved. Defendant's motion is **granted**.

II.     Defendant's Other Outstanding Discovery

Defendant cites several items that remain from his initial motion (Docket No. 38, Def. Atty. Aff. ¶¶ 16, 23, 24, 58, 102) and the Court views this as a renewed motion for these items of discovery. The Government has responded that it has produced all that it has in its custody, possession, and control (Docket No. 39, Gov't 2d Reply at 15-17).

As with the requested visa documents, the Government should outline, for each outstanding discovery item, what it has to produce, what has already been produced responsive to those demands, and whether a particular item is beyond the Government's custody, possession, and control. Thus, defendant's renewed discovery motion is **granted**.

III.    Government Cross-Motion Renewed

The Government renews its cross-motion for discovery from defendant (Docket No. 39, Gov't 2d Reply at 17-18; see Docket No. 31), without objection by defendant. Under Rule 16, the Government is entitled to production of documents in defendant's possession that he intends to use in his case-in-chief. Given that defendant has been in federal custody (either before deportation or now pending disposition of this criminal case), such documents may be limited. Nevertheless, defendant is reminded of his obligations under Rule 16 to produce pursuant to the government's notice for discovery (Docket No. 39, see Docket No. 31), therefore, the Government's cross-motion is **granted**.

CONCLUSION

For the reasons stated above, so much of defendant's omnibus motion dealing with supplemental discovery (Docket No. 38) is **granted as outlined above**.  The Government's cross-motion to produce (Docket No. 39, Gov't 2d Reply at 17-18) is **granted**.

So Ordered.

                     /s/ Hugh B. Scott
                     Honorable Hugh B. Scott
                     United States Magistrate Judge

Dated: Buffalo, New York
   April 4, 2008