UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

                                                DECISION AND ORDER
                                                (Rule 29 and 33 motions)

        v.                                                 06-CR-292A

JOSE ELIAS MERCEDES,

                Defendant.

---

Following trial, the defendant , Jose Elias Mercedes, was convicted of one count of making a false statement to a department or agency of the United States, in violation of 18 U.S.C. § 1001(a)(2). The false statement at issue was a statement by the defendant to an employee of the Department of Homeland Security wherein the defendant stated that he was a citizen of Cuba, when in truth he was a citizen of the Dominican Republic.

Currently before the Court are the defendant's post-trial motions for judgment of acquittal under Fed. R. Crim. P. 29 and for a new trial under Fed. R. Crm. P. 33. For the reasons stated, the motions are denied.

**DISCUSSION**

**I.      Rule 29 and Rule 33 Standards**

Federal Rule of Criminal Procedure 29 permits a trial court to enter a judgment of acquittal with respect to "any offense for which the evidence is insufficient to sustain a conviction."  See Fed. R. Crim. P. 29(a).  A defendant who challenges the sufficiency of the evidence in a Rule 29 motion "bears a heavy burden," United States v. Finley, 245 F.3d 199, 202 (2d Cir. 2001), and must establish that "no rational trier of fact could have found the defendant guilty beyond a reasonable doubt."  See United States v. Reyes, 302 F.3d 48, 52 (2d Cir. 2002).  The test established by the Supreme Court for a Rule 29 motion is "'whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'"  See United States v. Temple, 447 F.3d 130, 136 (2d Cir. 2006)( quoting Jackson v. Virginia, 443 U.S. 307, 319 (1979)). In other words, "'[a] court may enter a judgment of acquittal only if the evidence that the defendant committed the crime alleged is nonexistent or so meager that no reasonable jury could find guilt beyond a reasonable doubt.'"  Id.  (quoting United States v. Guadagna, 183 F.3d 122, 130 (2d Cir. 1999)).

Rule 33(a) of the Federal Rules of Criminal Procedure provides that a trial court "may vacate any judgment and grant a new trial if the interest of justice so requires." The ultimate test in a Rule 33 motion is whether 'it would be a manifest injustice to let the guilty verdict stand."  See United States v. Guang, 511 F.3d 110, 119 (2d Cir.

2007)(quotation omitted); see also United States v. Canova, 412 F.3d 331, 349 (2d Cir. 2005). "For a trial judge to grant a Rule 33 motion, he must harbor 'a real concern that an innocent person may have been convicted.'" Gaung, 511 F.3d at 119 (quoting United States v. Parkes, 497 F.3d 220, 232 (2d Cir. 2007)).

The defendant raises essentially three grounds for his motions. First, he argues that the verdict was against the weight of credible evidence in light of the testimony of the defendant's expert, Jorge Guitart, who testified that the defendant spoke native Havana working-class dialect. Notwithstanding that testimony, the jury also heard a considerable amount of testimony contradicting the defendant's claim that he was born in Cuba. In particular, the jury was presented with a birth certificate and baptismal certificate indicating that the defendant was born in the Dominican Republic. The jury also heard testimony indicating that the defendant had admitted to authorities that he was born in the Dominican Republic. It was for the jury to weigh all that evidence and determine whether the defendant's initial claim to authorities that he was a citizen of Cuba was a false statement. Viewing the evidence in the light most favorable to the government as the Court must at this stage of the proceedings, the Court finds that the evidence was sufficient to sustain the jury's verdict.

Next, the defendant claims that his statement to authorities that he was born in the Dominican Republic was not "material" as a matter of law. The defendant concedes that the government need not actually rely on the statement, but claims that the statement must be "capable of influencing the government agency." The Court finds that the motion must be denied because the defendant's statement was in fact a statement that was capable of influencing a government agency. The fact that the

3

agency did not actually rely upon it is of no consequence. Where, as here, the government could have relied upon the statement in determining whether the deport the defendant, the statement was clearly capable of influencing the agency and was therefore material.

Third, the defendant argues that he should be granted a new trial because the jury heard evidence in violation of this Court's pretrial rulings. The Court had precluded the government from eliciting testimony indicating that agents had contacted the defendant's mother in the Dominican Republic, and further prohibited the government from introducing the actual statements made by the defendant's mother to the agents. For the most part, the government adhered to that ruling and did not identify the person whom the agents contacted in the Dominican Republic as the defendant's mother, nor did the government elicit testimony concerning the substance of those conversations. To the extent that any testimony may have been elicited in violation of the Court's ruling, the Court appropriately ordered that the improper questions and answers stricken. As such, any prejudice that the defendant arguably could have suffered was immediately cured. Therefore, the defendant's motion for a new trial on this ground is denied.

## **CONCLUSION**

Accordingly, for the reasons stated, the defendant's motions for a judgment of acquittal and/or for a new trial are denied. Sentencing will proceed as scheduled on July 22, 2009, at 12:30 p.m.

4

SO ORDERED.

                                            s/ *Richard J. Arcara*
                                            HONORABLE RICHARD J. ARCARA
                                            CHIEF JUDGE
                                            UNITED STATES DISTRICT COURT

DATED: May 8, 2009